JOSEPH A. DUARTE, #010603
1921 S. Alma School Road
Suite 112
Mesa, AZ  85210
Telephone: 602-326-5882
Attorney for Defendant
papoduarte@gmail.com

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>    vs.<br><br>Ramon Guillermo Gomez,<br><br>    Defendant. | No.  CR25-00296-PHX-SPL<br><br>**SENTENCING MEMORANDUM** |

The client, through counsel, requests consideration of a sentence no greater than 24 months.  The concept of parity is accompanied by the facts in the client's history and characteristics.  A sentence below the PSR recommendation is appropriate given the client's age and his zero criminal history point status.

**FACTS**

Mr. Gomez is a U.S. Citizen who was born in Yuma and domiciled in San Luis, Arizona.  Recently he lived in Gadsden and San Luis, Rio Colorado. He enjoyed privileges to cross back and forth to live with his former wife and visit family.  The client became a middleman in the acquisition and transfer of firearms without a license.  He acknowledges the information in the PSR detailing his history.  Unfortunately, substance abuse issues prevented him from successfully remaining out of custody and from taking advantage of resources and counseling that could address urgent issues in his life.

///

The client was purported to be involved with a person of interest who was interested in obtaining firearms and munitions.  Mr. Gomez bought and transferred a significant volume and diverse array of weapons, all of which occurred in proximity to the Mexican and California borders.  He presents much younger than his listed age of 28.

His mental health has been afflicted with episodes of recurrent anxiety and depression.  The client remains scarred emotionally due to abuse documented in paragraph 42 of the PSR.  The propensity to alleviate his chronic mental health symptoms with self-medication has exacerbated the problems.  He is the father of three young children, the youngest of whom struggles with pronounced autism.

**ANALYSIS**

The defense is well aware of the Court's working knowledge and command of the pistols and long guns listed in the indictment.  Consequently, the circumstances surrounding the case can be clearly viewed for their truth and accorded the appropriate weight.  The work put in by Mr. Gomez places him in a high range of accountability.  The first objective of the defense is to concur with the statutorily authorized maximum sentence of five years.

The second objective of the defense is to acknowledge the recommendation in the PSR for its legal feasibility.  U.S. Probation reconciles the disparity between the elevated guideline calculations, the statutory maximum and extraordinarily difficult life experience of the client.  The result is variance to 37 months.  In similar cases involving multiple sales of firearms, Courts have yielded sentences significantly lower.

**18 U.S.C. section 3553(a)**

The defense proffers the following factors in mitigation:

2

1. For all the hardships suffered by the defendant to this point in his life, he is a zero-point offender.
2. Mr. Gomez made no decisions regarding the acquisitions. On every buy, he was fronted the money and received instructions from others.
3. He did not drive the guns into Mexico.
4. He had difficulty addressing his substance abuse during the period bookended by the charges.
5. There is community support beginning with his mother and several people who speak well of him.
6. The client is capable of introspection. He is an unusually thoughtful and intelligent person who has cognitive clarity because he has been incarcerated and has been clean from controlled substances.
7. As a U.S. Citizen, he will be eligible form rehabilitative programs in B.O.P.

**LAW**

The defense proposal seeks the best alternative to achieve a reasonable sentence. The defense submits that a scenario of no greater than 24 months would be "sufficient, but not greater than necessary" to achieve the objectives enumerated in 3553(a).

District Courts have statutory authority to depart from the Federal Sentencing Guidelines when "an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission is present in a case before the Court at the time of sentencing. *Koon v. United States*, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed. 2d 392(1996); *see also*, 18 U.S.C. section 3553(b); USSG section 5K2.0.

This authority allows the Court to be " . . . free to consider [a defendant's] individual circumstances. *United States v. Estrada-Plata*, 57 F.3d 757, 763 (9th Cir. 1995). Additionally, the sentencing court may consider "without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by [the guidelines or other law]." USSG section 1B1.4.

///

///

3

The Supreme Court noted:

The goal of the Sentencing Guidelines is, of course, to reduce unjustified disparities and so reach toward the evenhandedness and neutrality that are the distinguishing marks of any principled system of justice. In this respect, the Guidelines provide uniformity, predictability, and a degree of detachment lacking in our earlier system. This, too, must be remembered, however. It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue. We do not understand it to have been the congressional purpose to withdraw all sentencing discretion from the United States District Judge. *Koon*, Id. 518 U.S. 81, 113, 116 S.Ct. 2035, 2053, 135 L. Ed 2d 392.

"Under the post-Booker advisory sentencing guideline regime, the sentencing judge may not presume that the guideline range is reasonable but must make an individualized assessment based on the facts presented." *Gall v. U.S.*, 552 U.S. 38. "If the district judge decides the sentence outside the guideline range is warranted, she must consider the extent of the deviation and ensure that justification is sufficiently compelling to support the degree of variance." *Id.*

**REQUESTED RELIEF**

The defense requests a sentence no greater than 24 months.

Respectfully submitted this 10th day of February 2026.

 *s/Joseph A. Duarte*
 JOSEPH A. DUARTE, Esq.
 Attorney for Defendant

4

*CERTIFICATE OF SERVICE*

*I HEREBY CERTIFY THAT ON FEBRUARY 10, 2026, I ELECTRONICALLY TRANSMITTED THE ATTACHED DOCUMENT TO THE CLERK'S OFFICE AND THE FOLLOWING ECF REGISTRANTS:*

*- The Honorable Steven P. Logan*

*- Sheila Phillips, Assistant U.S. Attorney*

*s/Joseph A. Duarte*