TIMOTHY COURCHAINE
United States Attorney
District of Arizona
SHEILA PHILLIPS
Assistant U.S. Attorney
Michigan State Bar No. P51656
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Sheila.Phillips2@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-25-00296-PHX-SPL |
|---|---|
| Plaintiff, | **UNITED STATES' RESPONSE TO DEFENDANT'S OBJECTIONTO THE PRESENTENCE REPORT AND SENTENCING MEMORANDUM** |
| vs. | |
| Ramon Guillermo Gomez, | |
| Defendant. | |

The United States asks the Court to affirm Defendant's Objection to the Presentence Report (PSR) (Doc. 38). The application of both USSG § 2K2.1(b)(5)(c) (the firearms trafficking enhancement) and § 2K2.1(b)(6)(A) (the exportation of firearms enhancement) in this case results in impermissible double-counting. Therefore, the government requests the Court apply only one, but not both.

## I.   Sentencing Guidelines

The Presentence Report (PSR) calculates Defendant's guideline range at 60 months in prison based on the statutory maximum for Dealing Firearms without a License, the crime of conviction. PSR at 16.   The PSR calculates a Total Offense Level of 31 and his CHC at I, which would have resulted in a guideline range of 108 to 135 months absent the statutory maximum. *Id;* PSR ¶ 59.

The PSR accurately determined Defendant's base level at 20 under U.S.S.G. § 2K2.1(a)(4)(B)(i)(I). It is based on Defendant's purchase of multiple firearms with high-capacity magazines and his daily use of drugs during the time of his purchases, making him a prohibited possessor. *See* PSR ¶ 20. The PSR also rightfully applied a six-level enhancement for the 28 firearms involved in Defendant's offense under USSG § 2K2.1(b)(1)(C). PSR ¶ 24. Neither Defendant nor the United States object these calculations.

Defendant, however, objects to the application of 4-level enhancements for firearms trafficking under USSG § 2K2.1(b)(5) and exportation of firearms under USSG § 2K2.1(b)(6)(A) as recommended in the PSR. *See* Doc. 38, PSR ¶¶ 22-23. The United States agrees with his objection and believes the Court should apply one of these enhancements based on the facts at bar. Applying both seems to constitute impermissible double-counting under Ninth Circuit case law, although the government is unaware of any clear Ninth Circuit precedent directly on point.

If the Court elects to score only one of the 4-level enhancements, Defendant's Total Offense Level would be 27 and the revised guideline range would be 70 to 87 months, which still exceeds the 60-month statutory maximum for Dealing Firearms without a License, the crime of conviction and allows for an appropriate and just sentence.

## II. Impermissible Double-Counting

Defendant's actions and statements can support either an enhancement under §§ 2K2.1(b)(5) or 2K2.1(b)(6)(B) for the reasons stated in the PSR. Impermissible double-counting, however, becomes an issue in applying both because the same underlying conduct is used to support both – his purchase of firearms, leaving them in the desert for pick-up near the Mexican border, with the knowledge the firearms would likely be transported to Mexico. As applied in this case, both enhancements also address the same harm – firearms trafficking to Mexico. Thus, under case-specific facts, imposing both enhancements likely implicates impermissible double-counting.

//

A. *Relevant Facts*

Defendant, who lived in Mexico, admitted that he purchased firearms for someone living in Mexico. This person is likely associated with a Mexican drug cartel because Defendant stated his fear of death if he revealed information regarding the person's identity. Defendant said he would drop off the firearms he purchased for this person in the desert near County Road 19 for pickup, which is close to the Mexican border. PSR ¶¶ 11, 22. Defendant also told Alcohol, Tobacco, Firearms and Explosive (ATF) agents that he did not know where the firearms ended up, but likely in Mexico or destinations inside the United States such as California or New York, where it was more difficult to purchase firearms. *Id.* Defendant also told agents he was buying and selling firearms to pay down the debt on his home in Mexico. *Id.* All the above evidence his knowledge that the firearms would likely be transported to Mexico. PSR ¶ 12. Additionally, three of the twenty-eight firearms Defendant purchased were recovered in crimes in Mexico, evidencing the fact at least some of the firearms were transported to Mexico. *See* PSR ¶¶ 13-14.

B. *Application of Firearms Trafficking Enhancement - USSG §2K2.1(b)(5)(C)*

The facts above support the 4-point firearms trafficking enhancement under USSG §2K2.1(b)(5)(C). Defendant purchased the firearms for someone in Mexico and admitted he left them in the desert off County 19, an area near the border, for someone to pick up. He also acknowledged that after someone picked them up, they could have been transported to Mexico. Except in rare circumstances, transporting firearms into Mexico requires smuggling them into the country unlawfully because in Mexico firearms are illegal for civilians to possess. "To satisfy the unlawful use or disposition prong, the government does not need to prove that the defendant knew 'of any specific felonious plans on the part' of the recipient of the firearms." *United States v. Ilarraza*, 963 F.3d 1, 12 (1st Cir. 2020) (citing *United States v. Marceau*, 554 F.3d 24, 32 (1st Cir. 2009)). The sentencing court may look at circumstantial evidence "and draw plausible inference therefrom" to determine whether a defendant had reason to believe that a firearm was going to be used or disposed of unlawfully. *Id*. The United States must prove by a preponderance that the enhancement

applies. *Prieto*, 85 F.4th at 448; *United States v. Francis*, 891 F.3d 888, 896 (10th Cir. 2018).

Here, Defendant did not specifically state that he knew it was unlawful to bring firearms into Mexico or that he knew firearms are illegal to possess them in Mexico, but sufficient circumstantial evidence exists that he knew these facts. Particularly the latter because Defendant lived in Mexico and he regularly traveled between the United States and Mexico. *See* PSR ¶¶ 46-47.

*C. Application of Export Enhancement - USSG §2K2.1(b)(6)(A)*

The facts above support the export enhancement under USSG §2K2.1(b)(6)(A). The United States Sentencing Guidelines §2K2.1(b)(6)A) applies if the defendant:

> possessed any firearm or ammunition while leaving or attempting to leave the United States, or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be transported out of the States.

Here, Defendant transferred firearms to someone in the desert with reason to believe they would be transported out of the States.

Like the firearms trafficking enhancement, the United States needs to prove by a preponderance of the evidence that the four-level export enhancement applies. *Prieto*, 85 F.4th at 448; *United States v. Francis*, 891 F.3d 888, 896 (10th Cir. 2018); *Marceau*, 554 F.3d at 32. Like the firearms trafficking enhancement, it is only necessary to prove that the defendant had "reason to believe" that his conduct would result in the exportation of a firearm or ammunition out of the United States. *See Ilarraza*, 963 F.3d at 11. It is not necessary for the United States to prove that the trafficked firearms crossed an international border. *Id*. *See also United States v. Fields*, 608 Fed Appx. 806, 813 (11th Cir. 2015) (noting that firearms trafficking enhancement applies if a defendant transfers a firearm to an undercover officer who tells defendant that he/she is a convicted felon). It is also not necessary to show that a defendant played a direct role in the exportation. *Id*. Rather, the focus of the sentencing court's inquiry should be on the defendant's state-of-mind when

determining whether a defendant knew, intended, or had reason to believe that a firearm or ammunition would be exported out of the United States. *Id*. 891 F.3d 888, 896 (10th Cir. 2018); *Marceau*, 554 F.3d at 32. Here, the Court need not guess on Defendant's state of mind since he admitted to ATF agents that he believed the firearms might have been transported to Mexico or to more states with more restrictive gun laws. *See* PSR ¶ 11. The former is supported by other case-specific facts, particularly given his admission that he was hired by "a person" in Mexico to purchase firearms for him and that he left the firearms for pickup close to the Mexican border. *See Id.* and PSR ¶ 12.

Therefore, the Court can properly apply the export enhancement. Again, the concern is applying both enhancements because they rely on overlapping facts as well as conduct.

D. *Impermissible, Double-Counting*

The Ninth Circuit holds that relying on the same conduct to support different enhancements that target the same harm is impermissible double-counting. "It is impermissible double-counting when the same conduct on the part of the defendant is used to support separate increases under separate enhancement provisions which necessarily overlap, are indistinct and serve identical purposes". *US v. Herrera-Rojas,* 243 F. 3d 1139, 1144 (9th Cir. 2001) (citing *US v. Fisher*, 132 F.3d 1327, 1329 (10th Cir. 1997)) (internal quotations marks omitted). Put another way, "impermissible double-counting occurs when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines". *US v. Holt*, 510 F.3d 1007, 1011 (9th Cir. 2007).

Here, not only does the triggering facts overlap, but the targeted harm also addressed by both enhancements is the same, illegal firearms trafficking to Mexico. Therefore, under *Herrera-Rojas* and *Holt*—both Ninth Circuit cases, the Court should exercise caution before applying both enhancements to the facts at bar.

The probation office, however, believes both enhancements apply and do not constitute double counting. Other circuits have upheld counting both the same enhancements at issue when they target different harms. The rationale is that: First, USSG

§2K2.1(b)(5) relates to the transfer of a firearm to someone who intends to use or dispose of the firearm unlawfully which can be an individual in Mexico and/or Mexican cartels. This enhancement was upheld in *U.S. v. Garcia,* 635 F.3d 472 (10th Cir. 2011) where the defendant acted as a "straw buyer" of nineteen firearms all of which were types of weapons that the Mexican drug cartels actively seek in the United States; Second, USSG §2K2.1(b)(6)(A), relates to the possession or transfer of any firearm with reason to believe that it would be transported out of the United States. In *U.S. v. Asant*e, 782 F.3d 639 (11th Cir. 2015) the defendant knew the firearms he obtained were to be smuggled into Mexico to be shipped from there to Jamaica. Both enhancements (USSG §2K2.1(b)(5) and (b)(6)) were applied in the *Asante* case and upheld. The court determined it was not impermissible double-counting because the two enhancements were aimed at different harms. Each enhancement was also supported by distinct facts.

*Asante* is an Eleventh Circuit case and not binding on this Court. It is also factually dissimilar from those in this case because Asante knew the firearms, he acquired through a straw purchaser, would be smuggled by car into Mexico, he presumably gave those firearms to that person, which meant he himself disposed of them unlawfully and knew the person he gave them to would also dispose of them unlawfully, and he knew that once in Mexico, the firearms would be shipped from Mexico to Jamacia.

Here, Defendant merely believed the firearms would likely be transported to Mexico, which is in and of itself unlawful with very limited exceptions. It is also unlawful for nonmilitary or non-law enforcement to possess or use firearms in Mexico. Arguably, anytime someone purchases at least two firearms with reason to believe they will be transported to Mexico, that person also has reason to know his or her conduct will also result in the receipt of the firearm(s) by an individual who intends to use or dispose of the firearm(s) unlawfully. Absent impressible double-counting, this would result in the application of both enhancements in most firearms' cases in the District of Arizona. Therefore, dual application seems to telegraph impermissible double-counting.

### III. United States Sentencing Recommendation

The United States requests 30 months of imprisonment, slightly less than the 37 months recommended in the PSR. *See* PSR at 16. A significant sentencing is warrant based on Defendant's offense conduct, his drug use and his behavior while on pretrial release.

Defendant's criminal behavior was not isolated, and his crimes were serious. Defendant illegally purchased at least 28 firearms, including AK-47 style semi-automatic rifles. Three of his purchased firearms were recovered in crimes in Mexico, evidencing the dangerousness of his actions. Defendant also lied on multiple ATF Form 4473 about his address presumably to cover up the fact he moved to Mexico three years prior. Moreover, Defendant absconded while on pretrial release by returning to Mexico until he turned himself on a violation warrant. *See* PSR ¶ 3. To affirm his danger to the public, Defendant purchased firearms while using drugs daily. All these factors warrant a significant sentence to ensure just punishment, promote deterrence and protect the public.

As such, the United States believes a sentence of 30 months is sufficient but not greater necessary to promote 18 U.S.C. §3553(a) factors.

### IV. Conclusion

Based on the above, the United States respectfully request the Court sentence Defendant to 30 months in prison, followed by 3 years of supervised release.

Respectfully submitted this 11th day of February, 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/ Sheila Phillips*
SHEILA PHILLIPS
Assistant United States Attorney

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Joseph Duarte, *Counsel for Defendant*


*s/ Sheila Phillips*
U.S. Attorney's Office